UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL K., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01536-JMS-DKL |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| *Defendant*. | ) | |

# ORDER

Plaintiff Michael K. applied for disability insurance benefits and supplemental security income from the Social Security Administration ("SSA"), and his applications were initially denied. An Administrative Law Judge ("ALJ") also concluded that Michael K. was not entitled to receive disability benefits or supplemental security income, and the Appeals Council denied review of that decision as well. Michael K. then initiated this action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). On March 27, 2017, the Court vacated the ALJ's decision denying Michael K. benefits and remanded the matter for further proceedings. The SSA then reviewed its decision and awarded Michael K. $28,109.52 in back pay. [Filing No. 32-3.]

Michael K. then filed a Motion for Attorney's Fees, in which he argued that $8,075.75 in attorneys' fees were being held by the "payment center," and requested that the fees be paid to his attorneys, Stewart & Stewart. [Filing No. 28.] The Court denied Michael K.'s motion, noting that Michael K. had failed to provide a copy of his award letter detailing either the amount of back pay due or the attorneys' fees certified by the Commissioner, a copy of his fee arrangement with counsel, or an itemized list of time spent that distinguishes between work done before this Court

1

and that done before the administrative agency. [Filing No. 31.] The Court denied Michael K.'s motion without prejudice to refiling it in a manner that cured the deficiencies noted. [Filing No. 31.] Michael K. has now filed an Amended Motion for Attorney's Fee, with some of the requested evidentiary support, and the motion is ripe for the Court's consideration. [Filing No. 32.]

## I.
### STANDARD OF REVIEW

The award of attorneys' fees for representation of disability claimants is governed by three statutes – 42 U.S.C. § 406(a), the Equal Access to Justice Act (the "EAJA") (28 U.S.C. § 2412), and 42 U.S.C. § 406(b). First, Section 406(a) governs the award of attorneys' fees for legal services provided in connection with an administrative claim before the SSA, and fees can be awarded either through the SSA's approval of a written fee agreement between the claimant and the attorney, or based on the SSA's approval of a fee petition made by the attorney. 42 U.S.C. § 406(a)(2). A written fee agreement under § 406(a) can provide for a fee of no more than the lesser of 25% of the back benefits or $6,000. 42 U.S.C. § 406(a)(2)(A)(i).

Second, the Equal Access to Justice Act ("EAJA") entitles a party who prevails against the United States to recover attorneys' fees if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). An application for fees under the EAJA must be made within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(B).

Finally, 42 U.S.C. § 406(b) governs the award of attorneys' fees when a claimant receives a favorable disability determination from the SSA on remand, after a successful federal court review. It provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment….

See *Culbertson v. Berryhill*, 139 S.Ct. 517, 520 (2019) (explaining that "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court") (citation and quotation omitted). Section 406(b) is designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).

The Commissioner may withhold past-due benefits in order to pay fees under either § 406(a) or § 406(b) directly to the attorney. *Culbertson*, 139 S.Ct. at 520. Because an award under § 406 comes from a claimant's award and not from agency funds, the Commissioner does not have a financial stake in the resolution of the fee motion but "plays a part in the fee determination resembling that of a trustee for the claimant[ ]." *Gisbrecht*, 535 U.S. at 796 n. 6. Fees awarded under the EAJA come from SSA funds, and not the claimant's award, and are paid to the claimant rather than to his or her attorney. *Id.* at 796.

Here, the SSA withheld $14,075.75 from Michael K.'s past-due benefits after he prevailed on remand from this Court and has already paid Michael K.'s counsel $6,000 under § 406(a). [Filing No. 33-2 (letter from SSA Assistant Regional Counsel Jason Scoggins stating "[o]n or about May 15, 2018, the Commissioner's processing center withheld $14,075.75 in past-due Title II benefits for payment of attorney fees. On or about June 13, 2018, the processing center paid $6,000 (less a statutory user fee) to [Michael K.'s counsel]").] In his Amended Motion, Michael K. requests payment of the remaining $8,075.75 to his attorney under § 406(b).

## II.
### DISCUSSION

In his Amended Motion, Michael K. argues that his counsel "diligently represented Plaintiff, including, but not limited to, countless communications with Plaintiff and Defendant

3

regarding the status of Plaintiff's benefits…; obtaining supporting evidence to present in support of Plaintiff's claim, filing Plaintiff's Reconsideration Appeal, Hearing Appeal, ALJ Appeal, Federal Appeal and performing other tasks in the representation [of] Plaintiff." [Filing No. 32 at 1.] Michael K. details the amount of time his counsel spent on each phase of the representation and provides a copy of an Attorney's Fee Approval Agreement (the "Fee Agreement"), an itemized list of the time his counsel spent on his case (separated by time spent on the administrative appeal, the federal appeal, the administrative process after remand, and the attorneys' fee petition), and his letter from the SSA awarding supplemental security income. [Filing No. 32-1; Filing No. 32-2; Filing No. 32-3.]

In response, the Commissioner notes that Michael K. did not provide a copy of the letter from the SSA awarding him disability insurance benefits, and attaches the letter to its brief. [Filing No. 33 at 1-2; Filing No. 33-1.] She then notes that the Commissioner acts similar to a trustee for claimants in this context, and that the fee requested does not appear to be excessive for the work counsel performed. [Filing No. 33 at 2-3.] She asserts, however, that the Fee Agreement does not cover work performed in federal court under § 406(b), and states that "[i]t is the Commissioner's position that if counsel cannot produce such an agreement, the Court should award a reasonable § 406(b) fee under the circumstances without a presumption that 25% of Plaintiff's past-due benefits is the correct amount." [Filing No. 33 at 3.]

> The Fee Agreement provides:
>
> WHEREAS, this agreement was made and entered into between the parties prior to the Social Security Administration's favorable determination of decision on the claim(s); and
>
> WHEREAS, the fee specified in this agreement does not exceed twenty-five percent (25%) of the past due benefits, and
>
> WHEREAS, the determination or decision on the claim(s) is favorable, and

4

WHEREAS, the claim results in past due benefits.

Now, for and in consideration of the above conditions, the parties state as follows:

1. Attorney and claimant understand that for a fee to be payable, the Social Security Administration must approve any fee said attorney charges or collects from the claimant for services attorney provides in proceedings before the Social Security Administration in connection with the claimant's claim(s) for benefits.

2. If the Social Security Administration makes [a] favorable decision, claimant will pay attorney fees equal to the lesser of the twenty-five percent (25%) of all the past due benefits awarded to the claimant or claimant's family, or the dollar amount established pursuant to 42 U.S.C. 406(a)(2)(A), which is currently $6,000.00, subject to change by the Social Security Administration.

[Filing No. 32-1.] As noted above, $6,000 from Michael K.'s total past-due benefits has already been paid to Michael K.'s counsel under § 406(a).

The Court has a duty to review an attorney fee request in this context for reasonableness, and that duty starts with reviewing the agreement that the attorney made with his or her client. Gisbrecht, 535 U.S. at 807 ("§ 406(b) calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases"). Because the Fee Agreement here only addresses fees incurred at the agency level under § 406(a), the Court finds that Michael K.'s counsel is not entitled to fees above the $6,000 it has already received under § 406(a). The Fee Agreement does not communicate to Michael K. that his counsel is entitled to any fees over and above fees recoverable under § 406(a). *See* Indiana Rule of Professional Conduct 1.5(b) ("The scope of representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate"). Indeed, the Fee Agreement explicitly limits payment of attorneys' fees to 25% of all past due benefits awarded, or

$6,000, whichever is less. The Fee Agreement simply does not contemplate the award of fees under § 406(b), and Michael K.'s counsel does not point to any other agreement that would entitle it to attorneys' fees under § 406(b) in connection with proceedings before this Court. Absent communication to Michael K. of the possibility of a separate fee award for work done before the Court, the Court finds that any further award would not be reasonable. 42 U.S.C. § 406(b) (allowing the award of "a reasonable fee" for representation in federal court); *Gisbrecht*, 535 U.S. at 793 ("Congress…designed § 406(b) to control, not to displace, fee agreements between Social Security benefits claimants and their counsel").

The Court notes that Michael K.'s counsel potentially could have entered into another fee agreement with Michael K. when it became clear that his claim would involve litigating in federal court. Counsel also could have sought fees under the EAJA within thirty days of the date judgment was entered in this matter. But Michael K.'s counsel did neither. Because the Fee Agreement does not contemplate the award of attorneys' fees for work incurred in connection with federal court litigation, the Court **DENIES** Michael K.'s Amended Motion for Attorney's Fee. [Filing No. 32.]

### III.
#### CONCLUSION

For the foregoing reasons, the Court **DENIES** Michael K.'s Amended Motion for Attorney's Fee, [32].

Date: 3/26/2019

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**